**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4068

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHAIONA MARIE SMITH, a/k/a Slyfox,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:16-cr-00012-D-12)

Submitted:  October 10, 2024                    Decided:  October 16, 2024

Before WILKINSON and AGEE, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Eugene E. Lester, III, LESTER LAW, Greensboro, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shaiona Marie Smith appeals the district court's judgment revoking her supervised release and sentencing her to 18 months' imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but seeking review of Smith's sentence. Although informed of her right to file a pro se supplemental brief, Smith has not done so. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). Thus, we will "affirm a revocation sentence so long as it is within the prescribed statutory range and is not plainly unreasonable." *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020) (internal quotation marks omitted). When reviewing whether a revocation sentence is plainly unreasonable, we first "determine whether the sentence is unreasonable at all." *Id*. (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors," *id*. at 297 (internal quotation marks omitted), and the explanation indicates "that the court considered any potentially meritorious arguments raised by the parties," *United States v. Patterson*, 957 F.3d 426, 436-37 (4th Cir. 2020) (internal quotation marks omitted). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010) (internal

2

quotation marks omitted).  "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed."  *Coston*, 964 F.3d at 297 (internal quotation marks omitted).

We hold that Smith's revocation sentence is both procedurally and substantively reasonable.  Upon review, the record confirms that the district court correctly calculated the policy statement range, considered the relevant statutory factors, addressed Smith's arguments for a lower sentence, and gave sufficiently detailed reasons for its decision, which were tethered to the relevant § 3553(a) factors.  Moreover, the selected 18-month sentence is below the 24-month statutory maximum and, given Smith's repeated and egregious violations of the court's trust and prior attempts at leniency, we conclude that the sentence is substantively reasonable.  *See id*. at 297-98 ("Given the district court's care in explaining [defendant's] sentence, and especially considering that court's historic inability to prevent [defendant] from repeatedly violating supervised release conditions, we hold that his sentence is not unreasonable.").

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review.  If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Smith.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*